IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MUSTAFA JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 21-CV-321-SMY |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Mustafa Johnson, currently housed at the halfway house of St. Louis RRM, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the computation of his sentence (Doc. 1). Specifically, Johnson argues that the Bureau of Prisons failed to credit him for time served between November 27, 2017 (the date he was borrowed from statute authorities on a writ) through August 27, 2018 (the day prior to imposition of a federal sentence).

Following briefing by both parties, this matter is now ripe for resolution (Docs. 1, 8). For the following reasons, Johnson's Petition will be **DISMISSED**.

### Factual Background

On October 12, 2017, the Circuit Court of Scott County, Missouri sentenced Johnson in four cases as follows:

- 17SO-CR00549-01: Possession of Controlled Substance Except 35 Grams or Less of Marijuana – 7-year term of imprisonment (suspended execution for Long Term Treatment) to run concurrent to 17SO-CR00732-01 and 17SO-CR00688-01 (Doc. 8-4, pp. 1, 3);

- 17SO-CR00732-01: Possession of Controlled Substance Except 35 Grams or Less of Marijuana/Synthetic Cannabinoid – 7-year term of imprisonment (suspended execution for Long Term Treatment) to run concurrent to 17SO-CR00549-01 and 17SO-CR00688-01 (Doc. 8-5, pp. 1, 3);
- l7SO-CR00688-01: Leaving Scene of Accident, Property Damage Exceeding $1,000 – 4-year term of imprisonment (suspended execution for Long Term Treatment) to run consecutive to 17SO-CR00732-01 and 17SO-CR-00549-01 (Doc. 8-6, pp. 1, 3);
- 17SO-CR00502-01: Possession of Controlled Substance Except 35 Grams or Less of Marijuana – 7-year term imprisonment (suspended execution for Long Term Treatment) to run consecutive with 17SO-CR00732-01, 17SO-CR00549-01, and 17SO-CR-00688-01 (Doc. 8-7, pp. 1, 3).

As Johnson served his state sentence in the custody of Missouri state authorities at the Eastern Reception Diagnostic Correctional Center, the Federal Court for the Eastern District of Missouri issued a Writ of Habeas Corpus Ad Prosequendum to compel Johnson to appear in court on November 28, 2017, for a federal drug charge (Doc. 8-9). The Writ indicated that upon completion of those proceedings, Johnson was to be returned to the custody of the Missouri state warden (Doc. 8-9).

On August 28, 2018, Johnson was sentenced in the Eastern District of Missouri to 66 months imprisonment for Conspiracy to Distribute Methamphetamine (Doc. 8-11). The Judgment noted, "This sentence shall run concurrently to the sentences imposed in Circuit Court, Scott County, Missouri, under Docket Nos.: 17SO-CR00549-01, l7SO-CR00688-01, 17SO-CR00732-01, and 17SO-CR00502-01" (Doc. 8-11, p. 2).

**Discussion**

The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson,* 503 U.S. 329, 335 (1992). The BOP has the authority to determine when a sentence begins to run. *Pope v. Perdue,* 889 F.3d 410, 415 (7th Cir. 2018). A federal prisoner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973).

The question of when a federal sentence begins to run is governed by 18 U.S.C. § 3585 and by the doctrine of primary custody. *Id*. This rule dictates that "an inmate's federal sentence may only commence after the government exercises primary jurisdiction over him." *Id.* Generally, the sovereign that first arrests a defendant takes primary custody over him. *Id.* The transfer of a prisoner pursuant to a Writ of Habeas Corpus Ad Prosequendum does not operate as a transfer of primary custody. *Jake v. Herschberger,* 173 F.3d 1059, 1061 n.1 (7th Cir. 1999) (noting that "the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign"). The arresting sovereign retains primary custody "until it relinquishes its priority." *Pope,* 889 F.3d at 415.

Whether the state or federal government has primary custody affects whether a defendant can obtain credit toward a state or federal sentence. Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... that has *not* been credited against another sentence" (Emphasis Added).

Here, Johnson cannot receive credit against his federal sentence for the time period between November 27, 2017 through August 27, 2018 because he was only borrowed by federal

authorities during that time pursuant to the Writ and remained in the primary custody of the state of Missouri, serving time on his Missouri state convictions. If Johnson were to receive BOP credit for that time, it would be applied toward both his state sentence and not-yet commenced federal sentence; such double credit is precluded under 18 U.S.C. § 3585(b). Thus, the BOP properly utilized the date upon which the federal sentence was imposed (August 28, 2018) as the date that Johnson began to serve his federal sentence (Doc. 8-1). See, 18 U.S.C. § 3621.

## Disposition

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

If Johnson wishes to appeal the dismissal of this case, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Johnson does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2);

*Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  October 20, 2022**

**STACI M. YANDLE**
**United States District Judge**